UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARTIN MARTINEZ,

       Petitioner,    17-cv-757 (PKC)(KHP)

  -against-       ORDER ADOPTING REPORT
              AND RECOMMENDATION

JOHN COLVIN, SUPERINTENDENT

       Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

  On January 31, 2017, petitioner Martin Martinez, who represents himself pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court referred the petition to Magistrate Judge Katharine H. Parker for a Report and Recommendation ("R&R"). On November 6, 2018, Magistrate Judge Parker recommended that the petition be denied in its entirety. (Doc. 19.) Martinez filed objections to the R&R on November 26, 2018 (the "Objections"). (Doc. 20.)

  For the reasons that follow, this Court concludes that the R&R is well-reasoned and grounded in law, and it is adopted in full.

BACKGROUND

  Martinez, who is HIV-positive, was accused of sexually abusing his biological daughter from 2007 to 2010, starting when she was approximately ten years old. (R&R at 2.) At trial the victim testified to numerous incidents where petitioner touched and penetrated her vagina and anus with his hands and genitals. (Id. at 2-3.) Testimony by the victim's other family members tended to corroborate her allegations. (Id.) Following a jury trial in New York State Supreme Court, New York County, Martinez was convicted pursuant to New York Penal

Law of predatory sexual assault against a child, first degree sexual abuse, and endangering the welfare of a child. (Id. at 1.) Thereafter, Martinez was sentenced to an aggregate prison term of 18 years to life. (Id.) The Appellate Division unanimously affirmed the conviction and sentence. People v. Martinez, 127 A.D.3d 606 (1st Dep't 2015). The New York Court of Appeals denied petitioner's application for leave to appeal the Appellate Division's decision. People v. Martinez, 27 N.Y.3d 967 (2016).

Martinez also moved to vacate his conviction pursuant to C.P.L. § 440.10. (R&R at 7.) The New York County Supreme Court denied this motion on September 30, 2013. (Id. at 8.) Martinez then sought leave to appeal the denial of his § 440.10 motion, which the Appellate Division denied on January 21, 2014. (Id. at 9) Martinez thereafter timely filed a petition for habeas relief pursuant to 28 U.S.C. § 2254.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews the matters raised in Martinez's Objections de novo. Id. In order to establish entitlement to federal habeas relief, Martinez must show that (i) the state court's actions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (ii) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 402–13 (2000).

In his petition, Martinez argues that (1) his convictions were against the weight of the evidence, (2) his convictions were based on legally insufficient evidence, (3) his trial counsel

was ineffective by failing to make certain objections and for not seeking to submit to the jury, as an alternative to the charge of "predatory sexual assault against a child," the lesser-included offense of "first degree course of sexual conduct against a child," (4) the trial court violated his right to a fair trial by admitting evidence of an incident that occurred in Pennsylvania in 2010 (the "Pennsylvania incident"), (5) the trial court deprived him of his right to due process when it conducted a hearing on the People's motion to amend the indictment without him present (the "indictment hearing"), and (6) the imposed sentence was harsh and excessive.

## I. The R&R's Principal Conclusions and Reasoning

Magistrate Judge Parker's well-reasoned R&R rejected each of Martinez's arguments. First, Judge Parker concluded that Martinez's argument that his convictions were against the weight of the evidence is not cognizable in a petition for habeas relief because such an argument constitutes a claim under state law. (R&R at 13 (citing McKinnon v. Superintendent, Great Meadow Corr. Facility, 422 F.App'x 69, 75 (2d Cir. 2011)).

Second, in considering Martinez's claim that the evidence at trial was insufficient to support his convictions, Judge Parker determined, with respect to all three convicted offenses, that Martinez failed to establish that no rational juror could have rendered a guilty verdict based on the ample evidence presented at trial. (Id. at 15-22). Moreover, Judge Parker noted that Martinez's sufficiency arguments primarily challenged the credibility of the victim and thus did not warrant relief because a habeas court must defer to the jury's assessment of witness credibility. (Id. at 17 (citing United States v. Strauss, 999 F.2d 692, 696 (2d Cir. 1993))). With respect to the sufficiency of the evidence underlying Martinez's conviction for endangering the welfare of a child, Judge Parker further concluded that Martinez is procedurally barred from asserting this claim because Martinez did not raise the claim on direct appeal to the Appellate

Division (rendering his claim unexhausted); Martinez cannot, for procedural reasons, return to state court to exhaust the claim; and Martinez has not made a showing of either cause for the default or actual innocence. (Id. at 20-21 (citing Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011))).

Third, Judge Parker concluded that Martinez's claims of ineffective assistance of counsel are meritless. For one, Judge Parker concluded that trial counsel's decision not to request a jury charge on the lesser-included offense of "first degree course of sexual conduct against a child" did not amount to deficient performance because such is a reasonable strategic decision made by defense attorneys when the defense strategy is to deny guilt and seek an acquittal. (Id. at 26-27). In any case, Judge Parker concluded that this alleged error caused no prejudice to Martinez and was unexhausted because Martinez did not raise it in his § 440.10 motion. (Id. at 24-25, 28-29). Similarly, Judge Parker concluded that trial counsel's alleged failure to make objections was not ineffective. (Id. at 29-31). The only alleged failure to object discernable from Martinez's petition and memorandum was counsel's failure to object to the trial court's decision to amend the indictment outside of Martinez's presence. (Id.) Judge Parker noted that if counsel did not object, such did not amount to ineffective assistance because the record indicated that Martinez was present when the amendment occurred and, further, the amendment was ministerial in nature and thus caused Martinez no prejudice. (Id.) Moreover, Judge Parker concluded that this ineffectiveness claim was unexhausted because Martinez did not raise the claim in his § 440.10 motion or on direct appeal. (Id.)

Fourth, Judge Parker concluded that the trial court's admission of evidence of the Pennsylvania incident did not deprive Martinez of his due process right to a fundamentally fair trial because admitting the evidence was not erroneous under New York law and the alleged

error was not contrary to clearly established Supreme Court precedent. (Id. at 34-38). Judge Parker noted that the trial court properly balanced the probative value of the evidence against its prejudicial value and gave the jury a limiting instruction. (Id.)

Fifth, Judge Parker determined that Martinez's claim that the trial court deprived him of due process by conducting the indictment hearing outside of his presence is not reviewable. (Id. at 39-41). Judge Parker reasoned that Martinez raised this claim in his § 440.10 motion and the New York County Supreme Court held that the claim was procedurally barred under C.P.L. § 440.10(2)(b) because Martinez did not raise it in his direct appeal. (Id.) Federal habeas review, Judge Parker concluded, is therefore unavailable because the New York County Supreme Court held this claim barred based on an independent and adequate state law ground. (Id. (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991), modified by Martinez v. Ryan, 566 U.S. 1 (2012); Holland v. Irvin, 45 F. App'x 17, 20-21 (2d Cir. 2002) (summary order))). In any case, Judge Parker concluded that the claim is meritless because, in reviewing the evidence and properly deferring to the New York County Supreme Court's factual finding that Martinez was present for the indictment hearing, Martinez failed to demonstrate by clear and convincing evidence that he was not present at the hearing. (Id. at 40-41 (citing 28 U.S.C. § 2254(e)(1))).

Sixth, Judge Parker determined that Martinez's claim that his sentence was harsh and excessive was unexhausted because he never represented on direct appeal or in his application to the New York Court of Appeals that this claim was federal in nature. (Id. at 42-43 (citing Kolon v. Khalaifa, No. 09-CV-1512 (TPG), 2011 WL 5834935, at *5 (S.D.N.Y. Nov. 18, 2011))). Judge Parker concluded that his claim was therefore procedurally barred because Martinez no longer has the opportunity to exhaust the claim in state court and Martinez has not shown either cause for the default or actual innocence. (Id.) Moreover, Judge Parker concluded

that the claim does not raise a cognizable federal issue for habeas review because the sentence Martinez received was within the statutory range of sentences permitted under New York law for the crimes of conviction. (Id. (citing Murray v. People of New York, No. 15-CV-3555 (JFB), 2017 WL 3704677, at *15 (E.D.N.Y. Aug. 28, 2017))).

## II. This Court's Review

The Court has engaged in a de novo review of the R&R, and the record on which it is based, to the extent that Martinez has raised an objection. See Rule 72(b), Fed. R. Civ. P. The Court need not address in this Order all that it considered, but it has considered the entirety of the Objections. The Court has also reviewed the portions of the R&R to which no objections were made for clear error and has found none. See Rule 72, Fed. R. Civ. P. advisory committee notes (1983). The Court, as noted, adopts the R&R in full.

Martinez's first objection is that no claim raised in his habeas petition was unexhausted. Judge Parker concluded that four issues raised by Martinez were unexhausted: (1) that the evidence supporting his conviction for endangering the welfare of a child was insufficient, (2) that his trial counsel was ineffective for not requesting a lesser-included offense, (3) that his trial counsel was ineffective for not objecting to his absence at the indictment hearing, and (4) that his sentence was harsh and excessive. Upon review of Martinez's submissions to the Appellate Division, the New York Court of Appeals, and his § 440.10 motion papers, this Court agrees with Magistrate Judge Parker's representation of Martinez's submissions. Specifically, this Court is in agreement that Martinez did not raise in his direct appeal or his application for leave to appeal to the New York Court of Appeals his claim that the evidence underlying his conviction for endangering the welfare of a child was insufficient or his claim that trial counsel was ineffective for not objecting to Martinez's absence at the indictment

hearing; did not argue in his § 440.10 motion and supporting memorandum of law that his trial counsel was ineffective for not seeking a lesser included offense or for not objecting to Martinez's absence at the indictment hearing; and did not invoke the Eighth Amendment or any other federal basis to support his claim that his sentence was harsh and excessive on direct appeal or in his § 440.10 motion.  This Court therefore adopts Judge Parker's determinations that the issues enumerated above are unexhausted.

Martinez's second objection merely reiterates the arguments he made in his petition and memorandum of law regarding the admission of evidence related to the Pennsylvania incident, the insufficiency of the evidence underlying his convictions, trial counsel's alleged ineffectiveness, the indictment hearing, and his allegedly harsh and excessive sentence.  He presents no new information except that he refers to the papers he submitted in conjunction with his § 440.10 motion as evidence that he was not present during the indictment hearing.  As noted by Judge Parker and the New York County Supreme Court, both the transcript for the indictment hearing and the New York City Department of Correction Inmate Movement History Log indicate that Martinez was present for the hearing. (Doc. 16-4 at 7; R&R at 39-40). Upon review of Martinez's § 440.10 submissions and giving due deference to the New York State Court's factual findings, this Court finds that Martinez has failed to show that he was not present at the hearing by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

Regarding the arguments that Martinez reiterates in his objections, this Court holds that Magistrate Judge Parker's well-reasoned R&R adequately addresses each of arguments, and accordingly references the corresponding sections of the R&R in response to the reiterated arguments.

CONCLUSION

The R&R is adopted in its entirety and the petition is DENIED. The Clerk is directed to close the case and enter judgment for the respondent.

Martinez has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163–64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 19, 2018