UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARTIN MARTINEZ,

                         Petitioner,                        17-cv-757 (PKC)

      -against-

                                                                OPINION AND
                                                               ORDER

JOHN COLVIN, SUPERINTENDENT,

                         Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Petitioner Martin Martinez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 31, 2017. On November 6, 2018, Magistrate Judge Katharine H. Parker issued a Report and Recommendation recommending that Martinez's petition be denied in its entirety. This Court issued an order adopting Magistrate Judge Katharine H. Parker's Report and Recommendation on December 19, 2018 (the "Order"). See Martinez v. Colvin, No. 17-CV-757 (PKC)(KHP), 2018 WL 6649608 (S.D.N.Y. Dec. 19, 2018). Martinez now moves for reconsideration of the Order. (Doc. 23). His motion for reconsideration will be denied for the reasons that follow.

        Local Rule 6.3 permits a party to seek reconsideration of an order determining a motion within fourteen days of entry. Rule 6.3, S.D. & E.D.N.Y. Local R. "In order to prevail, the moving party 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion.'" Lichtenberg v. Besicorp Grp. Inc., 28 F. App'x 73, 75 (2d Cir. 2002) (summary order) (quoting Fulani v. Brady, 149 F.R.D. 501, 503 (S.D.N.Y. 1993), aff'd sub nom. Fulani v. Bentsen, 35 F.3d 49 (2d Cir. 1994)).

Mailed to Martinez 2/21/2019

The Court assumes familiarity with this action and the Order. In Martinez's motion for reconsideration, he requests that this Court either "grant[] a Certificate of Appealability on petitioner's ineffective assistance of counsel and the fundamental right to be present during all material stages of his trial" or "striking the final two sentences of the last paragraph of [the Order]." The last two sentences of the Order held that "a certificate of appealability will not issue" because Martinez did not make a substantial showing of the denial of a constitutional right, and that pursuant to 28 U.S.C. § 1915(a)(3), "any appeal under this order would not be taken in good faith and in forma pauperis status is denied." Martinez, 2018 WL 6649608, at *4. Petitioner additionally noted that "defendants in New York State filing court papers that have been deemed frivolous may suffer the loss of prison privileges."

The Court has reviewed Martinez's motion for reconsideration and accompanying memorandum of law and has again reviewed the merits of Martinez's Section 2254 petition. In light of this review, the Court reiterates that it will not grant a certificate of appealability because Martinez has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163–64 (2d Cir. 2011).

Regarding the Court's determination that an appeal under the Order "would not be taken in good faith" and denial of in forma pauperis status, the Court notes that it did not "assume that certification of lack of good faith follows inexorably from denial of a [Certificate of Appealability]" as petitioner suggests. "The 'good faith' standard is an objective one." Surabian v. Picard, No. 13-CV-935 (JGK), 2014 WL 1776169, at *1 (S.D.N.Y. Apr. 30, 2014). Under this standard, "[a]n appeal is not taken in good faith if it is 'frivolous.'" Adams v. Keyser, No. 16-CV-129 (GBD), 2018 WL 2750322, at *2 (S.D.N.Y. May 29, 2018). An appeal is frivolous "where it lacks an arguable basis in law or fact." Id. (citing Tavarez v. Reno, 54 F.3d 109, 110

(2d Cir. 1995)). Martinez's claims lack an arguable basis in law or fact. Because Martinez has failed to show that his claims have any merit, the Court holds that an appeal would not be taken in good faith and denies in forma pauperis status for the purpose of an appeal. See Surabian, 2014 WL 1776169, at *1.

Martinez's motion for reconsideration is denied. Martinez remains free to seek the same relief from the Court of Appeals. See Soto v. United States, 185 F.3d 48, 51 n.3 (2d Cir. 1999) (certificate of appealability); Hall v. NYS Division of Parole, No. 00-0053, 225 F.3d 645 (table), 2000 WL 1186256, at *2 (2d Cir. Aug. 21, 2000) (citing Coppedge, 369 U.S. at 446) (in forma pauperis status).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
February 21, 2019